UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSTON VARGAS-LOPEZ (A# 220-231-996),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondents. | No. 1:26-cv-05014 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner is a native and citizen of Nicaragua who entered the United States without inspection on August 5, 2021. ECF No. 5-1 at 2. On March 26, 2026, local law enforcement arrested Petitioner for (1) possession of a controlled substance, penalty group 2, under Texas Health & Safety Code § 481.116(b), a felony; and (2) marijuana possession (less than two ounces) under Texas Health & Safety Code § 481.121(b)(1), a Class B misdemeanor. Id. at 3; see also ECF No. 5-2 at 5-6 (FBI rap sheet). On May 13, 2026, Petitioner pled guilty to the felony charge and was sentenced to 48 days in jail. ECF No. 5-1 at 3; ECF No. 5-2 at 6. On May 14,

2026, Immigration and Customs Enforcement ("ICE") took Petitioner into custody. Id.; see also ECF No. 1 at 4. He is currently detained in the California City Detention Center within this judicial district.

Petitioner filed the original petition on June 29, 2026. ECF No. 1. He explained that he has lived in the United States for five years and seeks release to receive cancer treatment and provide for his partner's son who has autism. Id. at 6-7. Respondent opposed the petition and argued that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because he was convicted of and admitted to a violation relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II). ECF No. 5 at 2-4. Respondent additionally argues that the petition should be denied because Petitioner has not challenged his § 1226(c) detention in a hearing pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999)). Id. at 4. Respondent did not submit a Notice to Appear ("NTA"), but Petitioner's Form I-213 reflects an administrative charge under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (noncitizen not in possession of valid entry document). ECF No. 5-1 at 3.

After Respondent filed their answer, the undersigned appointed counsel to Petitioner and granted leave to file a first amended petition ("FAP"). ECF No. 9. The appointment order specifically asked the parties to address the following issues:

> [W]hether Petitioner has been served the Notice to Appear (Form I-862), whether Petitioner has appeared at or been scheduled for any proceedings before EOIR, and if not, how the absence of notice and/or hearing impacts the legality of detention; clarification of Petitioner's cancer diagnosis and treatment and to what extent, if any, it should factor into the Court's analysis; and whether a hearing pursuant to Matter of Joseph[] is the appropriate forum for Petitioner to contest the applicability of § 1226(c) detention.

Id.

Plaintiff, through counsel, filed the FAP on September 23, 2026. ECF No. 12. The FAP raises claims under 8 U.S.C. § 1226(a) (Count One) and the Due Process Clause of the Fifth Amendment (Count Two). Id. at 11-15. In Count One, Petitioner argues that he is detained pursuant to § 1226(a), and that Respondent's evidence does not support their assertion of mandatory detention under § 1226(c). Id. at 11-13. For example, the Form I-213 reflects an administrative charge under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which is not a predicate for §

1226(c)(1)(A). Id. 6-7. Petitioner further argues that Respondent does not identify the alleged controlled substance and has not submitted the convictions records necessary for the Court to conduct a categorical approach analysis.[1] Id. at 12. The FAP seeks, *inter alia*, immediate release on reasonable conditions of supervision. Id. at 16.

Petitioner addressed the Court's inquiry as follows. He confirms there is no evidence that Respondent served an NTA or Form I-286 Notice of Custody Determination on Petitioner and that and that Petitioner has yet to receive a bond hearing before an IJ. ECF No. 12 at 9. The "docket date" on his EOIR Case Information Page is June 11, 2026, nearly a month after ICE took him into custody, which Petitioner maintains is evidence ICE detained him without statutory authorization for that period. ECF No. 12-2 at 4. Petitioner states that his initial master calendar hearing is scheduled for October 21, 2026, ECF No. 12-1 at 2, although the Court's more recent search inquiry shows it is now set for November 18, 2026.[2] Petitioner also withdrew his medical care claim, explaining that he is a cancer survivor but it not receiving active treatment. ECF No. 12 at 9-10. Finally, Petitioner acknowledges a Joseph hearing is an available remedy but maintains the prudential exhaustion requirement should be waived pursuant to Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004). Id. at 10.

The undersigned granted Respondent an opportunity to oppose the FAP, ECF No. 9, but they did not do so.

## II. Analysis

### A. Exhaustion

The undersigned will address exhaustion before considering the potential application of § 1226(c)(1)(A). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when

---

[1] Petitioner's counsel further states that he is working to obtain the certified Texas state criminal court records and will lodge them when available. Decl. of Benjamin F. Hall ¶ 8, ECF No. 12-1 at 3.

[2] The undersigned takes judicial notice of Petitioner's EOIR Case Information Page, https://acis.eoir.justice.gov/en/caseInformation. Fed. R. Evid. 201(b)-(c).

"(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing, 370 F.3d at 1000.

Respondent argues Petitioner must request a Joseph hearing before seeking habeas relief. ECF No. 5 at 4. "[A] 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c)," and allows the detainee to "avoid mandatory detention by demonstrating that he . . . was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citations omitted); see also Nielsen v. Preap, 586 U.S. 392, 418 (2019) (at a Joseph hearing, "[d]etainees who deny that they satisfy any § 1226(c) predicate may challenge their mandatory detention").

Generally, principles of prudential exhaustion require a noncitizen to pursue a Joseph hearing before raising § 1226(c) objections in habeas. See Buckley v. Chestnut, et al., No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at * 2-4 (E.D. Cal. Apr. 16, 2026) (declining to waive prudential exhaustion because petitioner's appeal of his Joseph hearing was pending). However, waiver of exhaustion is appropriate here. Petitioner, who is unrepresented in immigration court, argues that without a Form I-286 or NTA, he cannot even identity the detention authority he would ask the IJ to review. See ECF No. 12 at 10. The undersigned finds this futility argument persuasive and notes other courts have waived exhaustion where the government did not notify

the petitioner that it considers him subject to § 1226(c) until its habeas filings. See Julio Cesar v. Chestnut, et al., No. 1:26-cv-04775-MWJS, 2026 WL 2139762 (E.D. Cal. July 24, 2026) ("If DHS had issued a custody determination, served the required notice, and charged § 1226(c) as a basis for detention, Respondents' exhaustion argument would have force."); Mendez Lopez v. Warden, Central Valley Annex Detention Facility, No. 1:26-CV-7423-JDP, 2026 WL 3034260, at *2 n.1 (E.D. Cal. Oct. 9, 2026) (waiving exhaustion where the government did not put the petitioner on notice of his mandatory detention until its motion to dismiss).

Moreover, Petitioner's initial master calendar hearing is not scheduled until November 18, 2026, roughly five months into his detention, and he may suffer irreparable harm from unlawful detention as his Joseph hearing and a potential appeal proceeds. See C.A.R.V. v. Wofford, No. 1:25-cv-01395-JLT-SKO, 2026 WL 241823, at *5, n.7 (waiving exhaustion where the petitioner "demonstrate[ed] the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); Y.S.G. v. Andrews, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025) (same). For all these reasons, the undersigned finds Petitioner is not required to pursue a Joseph hearing and will consider the merits of his claims.

**B. Applicable Detention Statute**

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondent argues that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) by virtue of his controlled substance conviction. ECF No. 5 at 2-3. That provision states that the Attorney General "shall take into custody any [noncitizen] who . . . is inadmissible by reason of having committed any offense covered in [8 U.S.C. §] 1182(a)." 8 U.S.C. § 1226(c)(1)(A). As relevant here, § 1182(a)(2) covers any noncitizen "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . any law . . . relating to a controlled substance" as defined in 21 U.S.C. § 802. 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Despite receiving multiple opportunities to do so, Respondent has not submitted an NTA. The NTA is essential to determining whether immigration officials initially detained Petitioner pursuant to § 1226(c) or only assert mandatory detention for purposes of this litigation:

> The NTA must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law." 8 U.S.C. § 1229(a)(1). In In re Kotliar, 24 I&N Dec. 124 (March 21, 2007), the BIA emphasized the importance of including in the NTA any ground for removal that "subjects [a noncitizen] to mandatory detention." Id. at 127. This is because the "charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him." Id.

Mendez Lopez, 2026 WL 3034260, at *2. Petitioner cites a lack of other notice of § 1226(c) detention, including the June 1, 2026, asylum interview form completed shortly after Petitioner's ICE arrest. An asylum officer made a positive credible fear determination and expressly noted an absence of a serious crime, aggravated felony, or other bar to asylum or withholding of removal. ECF No. 12 at 7 (citing ECF No. 6 at 13-14). The undersigned agrees that without an NTA or any other evidence that officials detained Petitioner pursuant to § 1226(c), Respondent's assertion of § 1226(c)(1)(A) detention appears to be a position taken for purposes of this litigation. See Betancourt Ulloa v. Warden, California City Correctional Ctr., No. 1:26-CV-03360-DAD-CKD, 2026 WL 2389805, at *1 (E.D. Cal. Aug. 17, 2026) ("[A] *post hoc* rationalization cannot be the basis for petitioner's continued detention" under § 1226(c).).

Although the record lacks an NTA, Petitioner's Form I-213 reflects a sole administrative charge under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 5-1 at 3. This too refutes Respondent's assertion of mandatory detention, as an administrative charge "pursuant to 8 U.S.C. § 1182(a)(2) . . . is required for detention pursuant to 8 U.S.C. § 1226(c)(1)(A)." Betancourt Ulloa, 2026 WL 2389805, at *1; see also Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility, No. 1:26-CV-00812 DAD SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026) ("[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision."), report and recommendation adopted, No. 1:26-CV-00812-DAD-SCR, 2026 WL 1430913 (E.D. Cal. May 21, 2026); Miao v. Chestnut, No. 1:26-cv-01271-KES-SKO (HC), 2026 WL 947020, at *2 (E.D. Cal. Apr. 8, 2026) (finding the petitioner

was not properly subject to mandatory detention pursuant to § 1226(c)(1)(A) in part because the NTA did not charge him with inadmissibility pursuant to § 1182(a)(2)).

Finally, even if the detention authority did not turn on the administrative charge of removability, the record is insufficient to determine whether Petitioner's conviction renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Respondent cites a conviction for possession of "hallucinogenic tier-2 drug," ECF No. 5 at 2, but does not identify the specific controlled substance. The documentary record is similarly vague. The Form I-213 lists the conviction as "possession of a controlled substance." ECF No. 5-1 at 3. The FBI sheet entry reads "POSS CS PG 2," ECF No. 5-2 at 6, which the Court presumes, consistent with Texas Health & Safety Code § 481.116(b), refers to possession of a controlled substance, Penalty Group 2. Without information regarding the specific controlled substance, the Court cannot perform the required analysis to determine if he is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and therefore subject to mandatory detention. See Mellouli v. Lynch, 575 U.S. 798, 812 (2015) ("Congress and the BIA have long required a direct link between [a noncitizen's] crime of conviction and a particular federally controlled drug."). Accordingly, Petitioner is not properly subject to detention pursuant to 8 U.S.C. § 1226(c)(1)(A).

**C. Petitioner is Entitled to Relief Under § 1226(a)**

As Petitioner is not subject to mandatory detention under § 1226(c), he is instead detained under § 1226(a). "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" Jennings v. Rodriguez, 583 U.S. 281, 288 (2018) (citing 8 U.S.C. § 1226(a)). "'Except as provided in [§ 1226(c)],' the Attorney General 'may release' an alien detained under § 1226(a) 'on . . . bond' or 'conditional parole.'" Jennings, 583 U.S. at 288 (citing § 1226(a)). Respondent's failure to provide Petitioner with a custody redetermination proceeding under § 1226(a) entitles him to relief on his statutory claim (Count One).

Respondent anticipated this outcome and urges the Court to "limit relief to a bond hearing where Petitioner bears the burden to demonstrate he is not a danger to the community or flight risk." ECF No. 5 at 5. This remedy is insufficient to cure a statutory violation that has now

stretched on for many months. "[F]ailure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements." Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026). Respondent's apparent failure to issue an NTA and Form I-286 are separate violations of § 1226(a) that provide independent bases for Petitioner's release. See Zurita Navarro, 2026 WL 2294963, at *2. Accordingly, the undersigned recommends that Respondent be ordered to release Petitioner.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's first amended petition for writ of habeas corpus (ECF No. 12) be GRANTED on Count One (Violation of 8 U.S.C. § 1226(a)).[3]

2. Respondents be directed to IMMEDIATELY RELEASE Petitioner Johnston Vargas-Lopez (A# 220-231-996) from custody. Respondent may place Petitioner on standard conditions of supervision.

3. Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without providing Petitioner with notice and a pre-deprivation hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.

4. Petitioner's motions to clarify information (ECF No. 8, 11) be DENIED as moot.

5. Any final order in this action include language that it does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

[3] In the interest of judicial economy, Petitioner's constitutional claim is not addressed herein.

7. The Clerk of the Court also be directed to enter judgment in favor of petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE